IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KWS SAAT SE & CO. KGAA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| SESVANDERHAVE and | ) | JURY TRIAL DEMANDED |
| SESVANDERHAVE USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

KWS SAAT SE & Co. KGaA ("Plaintiff" or "KWS"), by and through its undersigned counsel, for its complaint against Defendants SESVanderHave NV ("SES") and SESVanderHave USA, Inc. ("SES USA") (collectively, "Defendants"), hereby alleges and states the following:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, § 100, *et seq.* including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and §§ 283-285.

## PARTIES

2.     Plaintiff KWS is a German corporation with a principal place of business at Grimsehlstrasse 31, 37554 Einbeck, Lower Saxony, Germany.

3.     KWS is the owner by assignment of the entire right, title, and interest in and to U.S. Patent No. 10,017,781 (the "'781 Patent"), entitled Rhizomania-Resistant Gene, a copy of which is attached hereto as **Exhibit A**.

1

4.      KWS is the owner by assignment of the entire right, title, and interest in and to U.S. Patent No. 10,731,175 (the "'175 Patent") entitled Rhizomania-Resistant Gene, a copy of which is attached hereto as **Exhibit B**.

5.      The '781 Patent and the '175 Patent are collectively referred to herein as the Patents-in-Suit.

6.      On information and belief, Defendant SES USA is a corporation organized and existing under the laws of the State of Delaware, having its headquarters located at 5908 52nd Ave. S., Fargo, North Dakota 58104-5608.

7.      On information and belief, Defendant SES USA makes, uses, sells, and/or offers for sale in the United States sugar beet seed varieties identified to have infringing characteristics and attributes in SES USA's 2021 Grower Guide ("Grower Guide"), a copy of which is attached hereto as **Exhibit C**, and listed on SES's website at https://www.sesvanderhave.com/us/varieties ("SES Website"), including, without limitation, the following sugar beet seed varieties: SV099N, SV062N, SV183N, SV182N, SV602TT, SV981TT, SV983TT, SV972TT, SV29997TT, SV501TT, and/or SV604TT (collectively, the "Accused Products").

8.      On information and belief, Defendant SES is a Belgian company, having its headquarters and a principal place of business at Industriepark 15, 3300 Tienen, Belgium.

9.      On information and belief, Defendant SES USA is a subsidiary of SES and acts under the direction and control of SES as SES's agent in the United States.

10.     At least Defendants SES and SES USA are responsible for making, using, selling, and/or offering for sale in the Unites States the Accused Products.

11.     On information and belief, SES is owned and operated by its parent company Maison Florimond Desprez, which is incorporated in France.

12.    On information and belief, Maison Florimond Desprez coordinated with DLF Seeds A/S, which is incorporated in Denmark, to create United Beet Seeds ("UBS"), incorporated in Belgium.  On information and belief, UBS is currently directing the operations of Defendants.  On information and belief, UBS also directs the operations of Magno Seed LLC ("Magno Seed"), which is incorporated in Delaware and acts on behalf of UBS.  On information and belief, Magno Seed operates under the trade name Hilleshög Seeds in the United States.

13.    On information and belief, DLF USA, Inc. is incorporated in Oregon and acts on behalf of DLF Seeds A/S in the United States.

14.    KWS is still investigating potential infringing acts by UBS, Maison Florimond Desprez, DLF Seeds A/S, Magno Seed LLC, and DLF USA, Inc., and reserves the right to seek to amend this Complaint or file separate lawsuits against those parties asserting infringement of the Patents-in-Suit, based on additional information that may be obtained in discovery or otherwise.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.    This Court has personal jurisdiction over Defendants because they have, directly or through its agents and/or intermediaries, established minimum contacts with the State of Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice, including without limitation, the incorporation of SES USA in the State of Delaware and, on information and belief, SES's direction and control of the activities of SES USA.

17.     On information and belief, Defendants regularly conduct business in the State of Delaware, and purposefully avail themselves of the privileges of conducting business in the State of Delaware, including without limitation, the incorporation of SES USA in the State of Delaware, on information and belief, at the direction of SES.  Further, on information and belief, Defendants and/or their agents have at least made, used, sold, or offered the Accused Products for sale in a manner that could be sufficiently directed to Delaware to give rise to personal jurisdiction.

18.     On information and belief, and as further described herein, Defendants have infringed and continue to infringe the Patents-in-Suit in the State of Delaware, which has led to foreseeable harm and injury to Plaintiff.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and/or (d), and 28 U.S.C. § 1400(b).  SES is a foreign entity, so venue is proper in any Judicial District, and SES USA is resident in the State of Delaware.

## THE PATENTS-IN-SUIT

20.     The Patents-in-Suit each disclose that "[r]hizomania is the most serious sugar beet disease worldwide in terms of profitability and may cause earnings losses of 50% and more.  The disease, which is also referred to as 'root madness', is caused by the 'Beet Necrotic Yellow Vein Virus' (BNYVV) . . . "  Exhibit A, 1:41-45; Exhibit B, 1:46-50.

21.     The Patents-in-Suit are both directed to "a nucleic acid molecule and/or a polypeptide that is able to convey resistance against rhizomania in a plant."  Exhibit A, 2:33-35; Exhibit B, 2:38-40.   More specifically, the Patents-in-Suit each disclose that "[t]he present invention relates to a nucleic acid molecule that encodes a polypeptide that is able to convey a resistance to a pathogen, in particular to [BNYVV] in a plant, in particular of the *Beta* genus in

which the polypeptide is expressed.  The invention also relates to a polypeptide that is able to convey a resistance to a pathogen in a plant, in particular a resistance to BNYVV in a plant of the *Beta* genus, in which the polypeptide is expressed and that is encoded by the nucleic acid molecule according to the invention."  Exhibit A, 1:20-29; Exhibit B, 1:25-34.  The invention of the Patents-in-Suit "also relates to a transgenic plant, plant cell, plant organ, plant tissue, plant part or a seed of a plant that comprise the nucleic acid molecule or parts thereof, and also to methods for producing a transgenic plant or plant cell of this type[.]"  Exhibit A, 1:29-33; Exhibit B, 1:34-38.  The term "transgenic plant" is broadly defined in the Patents-in-Suit and is not limited to genetically engineered plants or plant cells, *i.e.*, the term transgenic plants as defined in the Patents-in-Suit includes plants developed through breeding techniques.   Exhibit A, 4:41-47; Exhibit B, 4:45-51.

A.    **The '781 Patent**

22.    The '781 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on July 10, 2018, to listed inventors Otto Toerjek, Dietrich Borchardt, Wolfgang Mechelke, and Jens Christoph Lein.

23.    The '781 Patent is directed, for example, to a plant cell having a nucleotide sequence that conveys resistance against rhizomania.

24.    As an example, Claim 3 of the '781 Patent recites:

A plant cell that comprises a nucleotide sequence selected from the group consisting of:
    a) a nucleotide sequence that encodes a polypeptide comprising the amino acid sequence SEQ ID NO: 2 or SEQ ID NO: 3,
    b) a nucleotide sequence comprising the sequence of SEQ ID NO: 1,
    c) a nucleotide sequence that encodes a polypeptide which comprises an amino acid sequence at least 85% identical to SEQ

ID NO: 2 or SEQ ID NO: 3 or to a polypeptide encoded by SEQ ID NO: 1, and

      d) a nucleotide sequence that encodes a polypeptide comprising at least one nucleotide-binding domain (NBS) corresponding to amino acid positions 168-227 of SEQ ID NO: 2 or corresponding to amino acid positions 182-241 of SEQ ID NO: 3, at least one leucine-rich domain (LRR) corresponding to amino acid positions 591-613 of SEQ ID NO: 2 or corresponding to amino acid positions 605-627 of SEQ ID NO: 3, and at least one internal repetitive domain (IR) corresponding to amino acid positions 1013-1072 of SEQ ID NO: 2 or corresponding to amino acid positions 1027-1086 of SEQ ID NO: 3,

      wherein said nucleotide sequence is heterologous to said cell.

Exhibit A, 219:29-54.

**B.**    **The '175 Patent**

25.    The '175 Patent was duly and lawfully issued by the USPTO on August 4, 2020, to listed inventors Otto Torjek, Dietrich Borchardt, Wolfgang Mechelke, and Jens Christoph Lein.

26.    The '175 Patent is directed, for example, to a method of breeding a plant having a nucleotide sequence that conveys resistance against rhizomania.

27.    As an example, Claim 10 of the '175 Patent recites:

A method for breeding a plant comprising an RZ-3 locus, wherein the plant belongs to the genus *Beta*, and wherein the method comprises the following steps:

      a) extracting genomic DNA of a cell, plant or seed of a plant of the *Beta* genus,

      b) detecting the RZ-3 locus in the genomic DNA by using a molecular marker on a DNA sequence according to SEQ ID NO: 4 or on a DNA sequence according to SEQ ID NO: 5, and

      c) introgressing the plant comprising the RZ-3 locus detected using the molecular marker with a second plant belonging to the genus *Beta*.

Exhibit B, 220:37-48.

## THE ACCUSED PRODUCTS

28.    On information and belief, based on publicly available information, Defendants make, use, sell, and/or offer for sale the Accused Products in the United States.

29.    On information and belief, Defendant SES USA is a subsidiary of SES and acts under the direction and control of SES as SES's agent in the United States.

30.    SES advertises the Accused Products.  *See* Exhibit C and the SES Website.

31.    Specifically, the SES USA Grower Guide (Exhibit C) provides that "Tandem Technology® is bred into all SESVanderHave varieties for maximum Rhizomania protection." Exhibit C.  This includes the following varieties identified in the Grower Guide: SV 099N, SV 062N, SV 183N, all of which are said to have "[e]xcellent RZM Tolerance with Tandem Genetics."  *Id.*  Another variety, SV182, is shown in a chart in the Grower Guide to have "EXCELLENT" Rhizomania protection.

32.    "Tandem Technology" is a term of art in the sugar beet industry referring to Rhizomania resistance and is well known.  *See, e.g.*, Temmerman et al., "Rhizomania Resistance in the Tandem® Sugar Beet Variety," *International Sugar Journal* 111(1325) May 2009 ("Temmerman Article"), a copy of which is attached as **Exhibit D**.  The Temmerman Article states that "Rhizomania, caused by beet necrotic yellow vein virus (BNYVV), is a major disease of sugar beet world-wide.  The 'Holly' resistance gene (*Rz1*) confers strong resistance to several BNYVV isolates and has been incorporated into most major sugar beet breeding lines."  Exhibit D, Abstract.  The Temmerman Article further provides that "[t]he *Tandem*® sugar beet variety combines resistances to BNYVV from two sources: the *Rz1* gene and a proprietary Beta *maritima*-derived source."  *Id*.  The Patents-in-Suit similarly disclose combining the Rz1 gene with an Rz2 or Rz3 gene, which are described as originating from *Beta vulgaris* subsp. *maritima*

sources. *See e.g.,* Exhibit A, 1:62-67, 2:1-2.  As described in further detail below, Defendants admit that the proprietary Beta maritima-derived sources identified as Rz2 and Rz3 in the Patents-in-Suit are identical.  On information and belief, the proprietary Beta-*maritima* source used in Tandem Technology is the Rz2/Rz3 gene.

33.    Defendants continued to make this assertion in their 2023 Seed Varieties on its website located at https://www.sesvanderhave.com/files/Local-Country-Assets/USA/SESVanderhave_ACSC_2023.pdf (last visited March 17, 2025) ("Tandem Technology® is bred into all SV varieties for maximum Rhizomania protection for clean roots, and less Tare.").

34.    Defendants continue to advertise the Accused Products on their website located at https://www.sesvanderhave.com/files/Local-Country-Assets/USA/SES-Vander-Have-Amalgamated-2024.pdf (last visited March 17, 2025).  Each variety is listed as having high tolerance to rhizomania.

35.    On information and belief, Defendants sell and/or offer for sale the Accused Products throughout the United States, including in the State of Delaware, including through various dealers.

36.    As a result of the foregoing, upon information and belief, the Accused Products meet the limitations of, for example, at least Claim 3 of the '781 Patent and Claim 10 of the '175 Patent.

**COUNT I**

**(DIRECT INFRINGEMENT OF THE '781 PATENT)**

37.    Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

38.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

39.     On information and belief, Defendants have infringed claims of the '781 Patent, including, for example, at least Claim 3, in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Accused Products.

40.     On information and belief, Defendants have directly infringed, literally or under the doctrine of equivalents, for example, at least Claim 3 of the '781 Patent by making, using, offering to sell, selling, and/or importing at least the Accused Products in this judicial district and elsewhere in the United States, prior to the expiration of the '781 Patent.

41.     Claim 3 of the '781 Patent recites:

> A plant cell that comprises a nucleotide sequence selected from the group consisting of:
> a) a nucleotide sequence that encodes a polypeptide comprising the amino acid sequence SEQ ID NO: 2 or SEQ ID NO: 3,
> b) a nucleotide sequence comprising the sequence of SEQ ID NO: 1,
> c) a nucleotide sequence that encodes a polypeptide which comprises an amino acid sequence at least 85% identical to SEQ ID NO: 2 or SEQ ID NO: 3 or to a polypeptide encoded by SEQ ID NO: 1, and
> d) a nucleotide sequence that encodes a polypeptide comprising at least one nucleotide-binding domain (NBS) corresponding to amino acid positions 168-227 of SEQ ID NO: 2 or corresponding to amino acid positions 182-241 of SEQ ID NO: 3, at least one leucine-rich domain (LRR) corresponding to amino acid positions 591-613 of SEQ ID NO: 2 or corresponding to amino acid positions 605-627 of SEQ ID NO: 3, and at least one internal repetitive domain (IR) corresponding to amino acid positions 1013-1072 of SEQ ID NO: 2 or corresponding to amino acid positions 1027-1086 of SEQ ID NO: 3,
> wherein said nucleotide sequence is heterologous to said cell.

Exhibit A, 219:29-54.

42.     On information and belief, the Accused Products are seeds comprising plant cells that comprise a nucleotide sequence comprising the sequence of SEQ ID NO: 1, as described below.

43.     The '781 Patent provides: "SEQ ID NO: 1 genomic DNA sequence of the resistance gene RZ-3.  The sequence comprises nucleotide 1 to 1403 of the regulatory region of the promoter."  Exhibit A, 14:19-21.

44.     The '781 Patent notes that Rhizomania in sugar beet is caused by BNYVV. Exhibit A, 1:41-45.  The '781 Patent further teaches that three major genes against rhizomania are RZ-1, RZ-2, and RZ-3, and notes that RZ-1 is also referred to as "Holly."  *See id.*, 1:56-58. Further, the '781 Patent notes that resistance conveyed by RZ-1 is insufficient in heavily infected regions and so it was proposed to combine RZ-1 with, for example, RZ-2 or RZ-3.  *Id.*, 1:62-67. RZ-2 and RZ-3 are described as originating from *Beta vulgaris* subsp. *maritima* sources (WB42, WB41).  *Id.*, 2:1-2.

45.     The Grower Guide refers to various Accused Products, including for example sugar beet varieties identified as SV099N, SV062N, SV183N, that possess "TANDEM TECHNOLOGY®"[1], which is said to be "bred into all SESVanderHave varieties for maximum Rhizomania protection."  Exhibit C, 4.  Each of the identified Accused Products are said to have "Excellent RZM Tolerance with Tandem Genetics."  Another variety, SV 182 is shown in a chart to have "EXCELLENT" Rhizomania protection.  *Id.*, 7.  A screenshot of the Grower Guide discussing Tandem Technology is set forth below.

---

[1] Tandem Technology is a trademark of SES USA having registration number 3562696, registered in class IC 031 for sugar beet seeds.





46.    In addition, the SES Website lists a number of varieties of the Accused Products, including, for example, the variety SV602TT, which as illustrated in the screen shot below is described as having "Tandem technology for excellent Rhizomania tolerance."



47.    On information and belief, the "TT" code in the variety name (SV6022TT) refers to Tandem Technology for Rhizomania tolerance.

48.     Several other varieties of the Accused Products are also identified on the SES Website having the "TT" designation, including SV981TT, SV983TT, SV972TT, SV29997TT, and SV604TT, all of which are identified as having "Tandem Technology" Rhizomania tolerance, as shown in the following screenshots:

*SV981TT Screenshot*



*SV983TT Screenshot*



*SV972TT Screenshot*



*SV29997TT Screenshot*



*SV501TT Screenshot*



*SV604TT Screenshot*



49.    As discussed above, "Tandem Technology" is a term of art in the sugar beet industry referring to Rhizomania resistance and is well known.  *See e.g.*, Exhibit D, Abstract. Specifically, the Temmerman Article provides that "[t]he *Tandem*® sugar beet variety combines resistances to BNYVV from two sources: the *Rz1* gene and a proprietary Beta *maritima*-derived source."  *Id*.

50.    The Accused Products possessing this same Tandem Technology are well known, as evidenced by published literature.  *See, e.g.*, Exhibit D, 314 ("[a] SESVanderHave breeding program resulted in the *Tandem* sugar beet cultivar that combines resistances to BNYVV from two sources: the *Rz1* (Holly) gene and a proprietary Beta *maritima*-derived source.").

51.    On information and belief, the Accused Products identified in the Grower Guide and on the SES Website to possess Tandem Technology include the Beta *maritima*-derived source that provides resistance to BNYVV, as discussed in the Temmerman Article.

52.     On information and belief, the Beta *maritima*-derived source incorporated in the Accused Products is SEQ ID NO:1 as identified in the '781 Patent, *i.e.,* the resistance gene RZ-3, which Defendants admit is identical to the RZ-2 gene, as described below.

53.     In an Opposition proceeding before the European Patent Office against European Patent No. EP 3 011 037, which is a European national stage application based on PCT/DE2014/000310, the same priority application to which the '781 Patent claims priority, SES, acting as the opponent, described the state of the art in a document dated July 9, 2019 ("Opposition Arguments"), a copy of which is attached as **Exhibit E**, as follows: "Rhizomania is a disease of sugar beet, caused by beet necrotic yellow vein virus (BNYVV). A first gene conferring resistance to rhizomania has been identified in a *B. vulgaris* variety called 'Holly' . . . , and is usually referred to as Rz1, sometimes as *Holly*. <u>A second resistance gene to rhizomania, called Rz2, has been identified in *B. vulgaris maritima* varieties, such as WB42</u>." Exhibit E, 4 (emphasis added) (internal citations omitted).

54.     In the Opposition Arguments, SES admits that the gene referred to as RZ-3 in the Opposed Patent, which is based on the same priority application as the '781 Patent (*i.e.*, SEQ ID NO:1), is "fully identical" (*i.e.*, "100%") to an *Rz2* gene referred to in Capistrano-Gossmann *et al.*, "Crop Wild Relative Populations of Beta vulgaris Allow Direct Mapping of Agronomically Important Genes," *Nature Communications* 15708 (2017) ("Capistrano-Gossmann Article"), a copy of which is attached as **Exhibit F**. *See* Exhibit E, 4 ("The gene called Rz3 in the Opposed Patent is fully identical to the Rz2 gene . . . ."). SES's Head of Breeding, Hendrik Tschoep, is a co-author of the Capistrano-Gossmann Article.

55.     The Capistrano-Gossmann Article notes that Rhizomania is the most important sugar beet disease (next to infection by beet cyst nematode) and is caused by the beet necrotic

yellow vein virus (BNYVV).  Exhibit F, 2.  The Capistrano-Gossmann Article reports the identification of the sugar beet (*Beta vulgaris ssp. vulgaris*) rhizomania-resistance locus *Rz2* in a wild beet population of *B. vulgaris ssp. maritima* through a modified version of mapping-by-sequencing.  *Id*.  The sequence of the *Rz2* gene of Capistrano-Gossmann is available on-line through the publisher website as supplemental information associated with the article.

56.    On information and belief, the Accused Products, as evidenced by the Grower Guide and the SES Website, possess Tandem Technology and rhizomania resistance through the *Rz2* gene identified in *B. vulgaris ssp. maritima* varieties, such as WB42, which SES admits is identical to the *Rz3* gene (*i.e.*, SEQ ID NO:1) as identified in the '781 Patent.

57.    On information and belief, as described above, the Accused Products employing Tandem Technology, as identified in the Grower Guide and on the SES Website, possess the *Rz3* gene (*i.e.*, SEQ ID NO:1) as identified in the '781 Patent.  Any plant that possesses SEQ ID NO:1 would have plant cells that comprise SEQ ID NO:1.

58.    On information and belief, the nucleotide sequence is heterologous to the plant cell.  As noted above, the *Rz3* gene (*i.e.*, SEQ ID NO:1 of the '781 Patent) originates in a wild beet population of *B. vulgaris ssp. maritima*, whereas cultivated sugar beet (including the Accused Products) are cultivated sugar beet *B. vulgaris ssp. vulgaris*.  Thus, on information and belief, the *Rz3* gene in the Accused Product is heterologous, because it naturally exists in the *maritima* subspecies but was integrated into the *vulgaris* subspecies (by introgression) for cultivation.

59.    On information and belief, Defendants have had knowledge of, and were aware of, the '781 Patent, at least because of SES's Opposition against the related EP 3 011 037, as early as July 9, 2019, but certainly by April 2024, when KWS offered a license to the Patents-in-

Suit to Defendants' affiliate DLF Seeds A/S, who on information and belief, shared information on the Patents-in-Suit with Defendants.

60.     On information and belief, Defendants intend to, and continue to intend to, directly infringe the '781 Patent through making, using, offering to sell, selling, and/or importing the Accused Products.

61.     On information and belief, Defendants knew of or should have known of the '781 Patent and its infringement of the '781 Patent, and have acted and continue to act, in an egregious and wanton manner by infringing the '781 Patent in a willful manner with knowledge of the '781 Patent.

62.     On information and belief, despite knowing that its actions constituted infringement of the '781 Patent and/or despite knowing that there was a high likelihood that its actions constituted infringement of the '781 Patent, Defendants nevertheless continued its infringing actions, and continue to make, use, and/or sell the Accused Products.

63.     Defendants' acts of infringement have injured and damaged Plaintiff and will continue to injure and damage Plaintiff.

64.     On information and belief, Defendants will continue these infringing acts unless enjoined by this Court.

## COUNT II

### (INDUCED INFRINGEMENT OF THE '781 PATENT)

65.     Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

66.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271(b).

67.     On information and belief, Defendants have been and are actively inducing their customers to infringe at least Claim 3 of the '781 Patent, in this District and elsewhere in the United States, by making, offering to sell, selling, importing and otherwise promoting and distributing the Accused Products.

68.     Defendants have had knowledge of the '781 Patent as early as July 9, 2019, but certainly by April 2024, when KWS offered a license to the Patents-in-Suit to Defendants' affiliate DLF Seeds A/S, who on information and belief, shared information on the Patents-in-Suit with Defendants .

69.     On information and belief, despite that knowledge, Defendants have specifically intended to encourage and induce direct infringement of, for example, at least Claim 3 of the '781 Patent, including because Defendants' advertising the use of the Accused Products to grow sugar beets with resistance to Rhizomania, which would include the plant cell of Claim 3.  *See, e.g.*,  Exhibit C and the SES Website.  Furthermore, because the Accused Products have no substantial non-infringing uses, Defendants intend for use of the Accused Products to directly infringe at least Claim 3 of the '781 Patent.

70.     On information and belief, the Accused Products have no substantial non-infringing uses, and the patented claims of the'781 Patent cover the Accused Products.

71.     On information and belief, Defendants knew that the use of the Accused Products as advertised would induce acts of direct infringement of at least Claim 3 of the '781 Patent, and that the activities referenced in this Complaint, including the sale of the Accused Products and providing instructions to infringe at least Claim 3 of the '781 Patent, through its advertising on the SES Website, would actively induce direct infringement of at least Claim 3 of the '781 Patent.

72.     Upon information and belief, despite such knowledge, Defendants have been and are actively inducing infringement of at least Claim 3 of the '781 Patent by those who grow plants using the Accused Products.

73.     Despite being on notice of the '781 Patent, and despite the fact that literal infringement of at least Claim 3 of the '781 Patent by parties who grow plants using the Accused Products was readily determinable by Defendants when they were put on notice, Defendants have continued to advertise and sell the Accused Products in a manner intentionally designed to induce infringement.

74.     Defendants are aware that Plaintiffs are harmed by such sales.  Nevertheless, Defendants have not ceased selling or advertising the Accused Products.  Therefore, Defendants' actions have been both deliberate and malicious.  Accordingly, Defendants' infringement of at least Claim 3 of the '781 Patent has been willful.

75.     On information and belief, Defendants will continue to induce the infringement of at least Claim 3 of the '781 Patent unless and until it is enjoined by the Court.

76.     As a result of Defendants' inducement of infringement of at least Claim 3 of the '781 Patent, Plaintiffs have suffered damages, including lost profits.

**COUNT III**

**(DIRECT INFRINGEMENT OF THE '175 PATENT)**

77.     Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

78.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

79.     On information and belief, Defendants have infringed claims of the '175 Patent, including, for example, at least Claim 10, in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing infringing products according to the claimed method.

80.     On information and belief, Defendants have directly infringed, literally or under the doctrine of equivalents, for example at least Claim 10 of the '175 Patent by making, using, offering to sell, selling, and/or importing at least the Accused Products in this judicial district and elsewhere in the United States, prior to the expiration of the '175 Patent.

81.     Claim 10 of the '175 Patent recites:

> A method for breeding a plant comprising an RZ-3 locus, wherein the plant belongs to the genus *Beta*, and wherein the method comprises the following steps:
>      a) extracting genomic DNA of a cell, plant or seed of a plant of the *Beta* genus,
>      b) detecting the RZ-3 locus in the genomic DNA by using a molecular marker on a DNA sequence according to SEQ ID NO: 4 or on a DNA sequence according to SEQ ID NO: 5, and
>      c) introgressing the plant comprising the RZ-3 locus detected using the molecular marker with a second plant belonging to the genus *Beta*.

*See* Exhibit B, 220:37-48.

82.     On information and belief, the Accused Products are produced using the method for breeding a plant comprising a RZ-3 locus, wherein the plant belongs to the genus *Beta*, as recited in Claim 10 of the '175 Patent.

83.     On information and belief, the Accused Products are sugar beet plant varieties that comprise an RZ-3 locus and belong to the genus *Beta*.  As discussed above, each of the Accused Products, evidenced by the Grower Guide and the SES Website, utilize Tandem Technology to provide Rhizomania resistance.

84.     On information and belief, the Accused Products, as evidenced by the Grower Guide and the SES Website, possess Tandem Technology and Rhizomania resistance through the

*Rz2* gene identified in *B. vulgaris ssp. maritima* varieties, such as WB42, which SES admits is identical to the *Rz3* gene (*i.e.*, SEQ ID NO:1), as identified in the '175 Patent.  Exhibit E, 4. ("The gene called Rz3 in the Opposed Patent is fully identical to the Rz2 gene . . . .").

85.    Further, the Accused Products are each beet seed varieties that belong to the genus *Beta*.

86.    On information and belief, the Accused Products are formed by using the method of Claim 10, including the steps of: (a) extracting genomic DNA of a cell, plant or seed of a plant of the *Beta* genus; (b) detecting the RZ-3 locus in the genomic DNA by using a molecular marker on a DNA sequence according to SEQ ID NO: 4 or on a DNA sequence according to SEQ ID NO: 5; and (c) introgressing the plant comprising the RZ-3 locus detected using the molecular marker with a second plant belonging to the genus *Beta*.

87.    On information and belief, Defendants have used or currently use marker-assisted breeding for Rz1 + Rz2 rhizomania resistance, as evidenced in the SESVanderHave Technical Leaflet ("Leaflet"), a copy of which is attached as **Exhibit G**.  Specifically, the Leaflet describes a rhizomania resistant sugar beet variety in Europe, using successive back-crosses as illustrated in Figure 12.  Exhibit G, 16.  The Leaflet describes "[a]fter each back-cross, the plants are selected that possess both as many characteristics as possible as the elite parent and that are resistant to Rhizomania (molecular techniques are used to do this that make it possible to follow the gene responsible for resistance, this is known as marker assisted selection).  After a certain number of backcrosses, plants are obtained that are resistant to Rhizomania where they have acquired the characteristics of the elite parent."  *Id.*  The Leaflet further describes the use of Tandem Technology.  *Id.*, 19 ("new SESVanderHave Rhizomania resistant varieties are based on the 'Tandem Technology®' concept: the hybrid possesses resistance that combines the 'Holly'

gene with another source of resistance from *Beta maritima* of which SESVanderHave is the sole holder. Tandem technology produces excellent results even under extreme Rhizomania pressure.") (internal citations omitted). On information and belief, Defendants use marker-assisted breeding to provide the Accused Products with Tandem Technology.

88.    On information and belief, Defendants use marker-assisted breeding to introgress the Rz3 gene into the accused products. In the Opposition Arguments, SES as the opponent made the following admission: "Hence *the sequence for Rz3, at least Rz3 mentioned in the Opposed Patent, is the Rz2 sequence introgressed in sugar beet at least by the Opponent* years before the filing date of the Opposed Patent . . . " Exhibit E, 4 (emphasis added).

89.    On information and belief, the Accused Products are formed by detecting the RZ-3 locus in the genomic DNA by using a molecular marker on a DNA sequence according to SEQ ID NO: 5, as evidenced by the Capistrano-Gossmann Article.

90.    The Capistrano-Gossmann Article discusses fine mapping of the Rz2 gene (which SES admits is equivalent to the RZ-3 gene, or SEQ ID NO:1 of the '175 Patent). Exhibit F, 2 (right column). Specifically, the Capistrano-Gossmann Article describes 33 single-nucleotide polymorphisms (SNPs) segregating in a Danish sugar beet population, which were converted to molecular markers and used to genotype a complete panel of parental wild beets. *See id.*, 2-3 and Supplementary Table 6. By association analysis of the marker results with the corresponding resistance phenotype data, 19 markers were said to be significantly associated with resistance in at least two independent rhizomania-resistance tests. *See id.*, 3 and Supplementary Table 7. The markers with the highest association in the populations were tested using diversity panels of sugar beet inbred lines representing the germplasm of three breeding companies, as illustrated in Supplementary Table 8 (reproduced below), including SES. *See id.*,

3.  Across the association panel, only markers CAU3880, CAU4188, and CAU3882 showed perfect co-segregating with rhizomania resistance.  *See id.*, 3.  The Capistrano-Gossmann Article concludes that Rz2 (*i.e.*, the RZ-3 locus of the '175 Patent) is the only gene that is fully associated with resistance to rhizomania.  *See id.*, 3.  The Capistrano-Gossman Article further shows that the SES product has rhizomania resistant germplasm with *Rz1 + Rz2* rhizomania resistance (*i.e.*, Tandem Technology) recognizable by molecular markers, including marker CAU4188.

91.    On information and belief, marker CAU4188 is located within SEQ ID NO:5 of the '175 Patent.  The Capistrano-Gossman Article describes that the two primers of CAU4188 amplify a 457 bp fragment.  Exhibit F, 5.  On information and belief, the two primers of CAU4188 align at positions 329-349 and 766-785, respectively, of SEQ ID NO:5 of the '175 Patent based on a routine sequence alignment.

92.    On information and belief, to achieve the rhizomania resistance of the Accused Products comprising the Tandem Technology, as evidenced by the Grower Guide, the SES Website, and the Leaflet, Defendants would have carried out each of the steps (a) through (c) of claim 10 of the '175 Patent, including extracting DNA from a sugar beet plant (*i.e.*, of the genus *Beta*), detecting the RZ-3 locus (*e.g.*, using the known marker CAU4188 of SEQ ID NO:5), and introgressing a plant comprising the RZ-3 locus (*e.g.*, detected using the molecular marker CAU4188) with a second plant.

93.    On information and belief, Defendants intend to, and continue to intend to, directly infringe the '175 Patent through making, using, offering to sell, selling, and/or importing the Accused Products.

94.     On information and belief, Defendants knew of or should have known of the '175 Patent and its infringement of the '175 Patent, and have acted and continue to act, in an egregious and wanton manner by infringing the '175 Patent in a willful manner with knowledge of the '175 Patent.  Defendants were aware of the '175 Patent as early as July 9, 2019, but certainly by April 2024, when KWS offered a license to the Patents-in-Suit to Defendants' affiliate DLF Seeds A/S, who on information and belief, shared information on the Patents-in-Suit with Defendants .

95.     On information and belief, despite knowing that its actions constituted infringement of the '175 Patent and/or despite knowing that there was a high likelihood that its actions constituted infringement of the '175 Patent, Defendants nevertheless continued its infringing actions, and continue to make, use, and/or sell the Accused Products.

96.     Defendants' acts of infringement have injured and damaged Plaintiff and will continue to injure and damage Plaintiff.

97.     On information and belief, Defendants will continue these infringing acts unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

A.     A judgment in favor of Plaintiff that Defendants have infringed the '781 Patent and the '175 Patent;

B.     An order of this Court permanently enjoining Defendants and their officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all others

in active concert therewith from infringing the Patents-in-Suit, including inducing infringement of the '781 Patent;

   C.  A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, pre-judgment and post-judgment interest for Defendants' infringement of the '781 Patent and the '175 Patent, as provided under 35 U.S.C. § 284;

   D.  A judgment and order requiring Defendants to pay treble damages as provided under 35 U.S.C. § 284;

   E.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees; and

   F.  Any and all other relief to which Plaintiff may show itself entitled and/or as the Court may deem just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| Of Counsel: | |
| | /s/ James H. S. Levine |
| Andrew P. Zappia (pro hac vice to be filed) | James H. S. Levine (Del. Bar No. 5355) |
| Tate L. Tischner (pro hac vice to be filed) | TROUTMAN PEPPER LOCKE LLP |
| TROUTMAN PEPPER LOCKE LLP | Hercules Plaza, 1313 Market Street |
| 70 Linden Oaks, Suite 210 | Suite 1000 |
| Rochester, New York 14620 | Wilmington, DE 19801 |
| Tel: (585) 270-2100 | Tel: (302) 777-6500 |
| Andrew.Zappia@troutman.com | James.Levine@troutman.com |
| Tate.Tischner@troutman.com | |
| | *Attorneys for Plaintiff KWS SAAT SE & Co.* |
| Dated: March 26, 2025 | *KGaA* |